## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW MILLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cv-1168 |
| | ) | |
| GLOBAL DIVING & SALVAGE, INC. | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| ALBERICI CONSTRUCTORS, INC. | ) | |
| AECOM ENERGY & CONSTRUCTION, INC. | ) | |
| and WASHINGTON GROUP-ALBERICI | ) | |
| JOINT VENTURE, | ) | |
| | **)** | |
| Defendants. | ) | |

## COMPLAINT IN ADMIRALTY

1.  Plaintiff Andrew Miller brings this cause pursuant to the Suits In Admiralty Act (46 U.S. Code § 30901, *et seq.*, including but not limited to 46 U.S. Code § 30903), 46 U.S.C. § 30104, (commonly called the Jones Act), the Public Vessels Act (46 U.S. Code § 31101), any other applicable federal statutes and the general Maritime Law of the United States, (including the doctrines of unseaworthiness and maintenance and cure).

2.  This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) and 46 U.S. Code § 30903(a).

3,  A substantial part of the events giving rise to this suit occurred at or near Olmsted, in Pulaski County, Illinois, and therefore within this district within the meaning of 46 U.S.C. § 30104, 45 U.S.C. § 56 and 28 U.S.C. § 1391(b). Venue is therefore also proper in this district pursuant to that statute.

4.  Plaintiff designates this matter as an admiralty or maritime claim within the meaning of Rule 9(h), Fed.R.Civ.P.

5.  To effect the renovation of the "Olmsted Dam" at Olmsted, Pulaski County, Illinois, the United States Army Corps of Engineers contracted with defendants ALBERICI CONSTRUCTORS, INC., WASHINGTON GROUP-ALBERICI JOINT VENTURE, and AECOM ENERGY & CONSTRUCTION, INC.

6.  Defendants Alberici Constructors, Inc. and WASHINGTON GROUP-ALBERICI JOINT VENTURE and AECOM ENERGY & CONSTRUCTION, INC.(hereinafter referred to collectively as "the WGA defendants"), individually or acting in concert, planned, designed, supervised, and executed the Olmsted Dam Project.

7.  The WGA defendants also owned, operated, chartered, leased or otherwise controlled a certain barge known colloquially as "the dive barge" and which is depicted in this photograph:



8.  At all times mentioned herein, the dive barge was a watercraft channel of transporting persons and goods over water and was therefore a vessel within the meaning of 1 U.S.C. § 3.

9.  Defendant Global Diving & Salvage, Inc. nominally and directly employed plaintiff, Andrew Miller, as a diver working from the dive barge at the Olmsted Dam project. Plaintiff was transported to the dive barge by a tug or skiff each day of his employment on the Olmsted Dam project.  Plaintiff performed his job duties on or near the dive barge using equipment on board the dive barge.

10.  On October 3, 2019, at approximately 9:00 a.m., plaintiff Andrew Miller was on board the dive barge in the course of his employment.  At that time, a piece of channel that was normally used to contain wires lay across the walkway and constituted a tripping hazard. Plaintiff Miller walked around a corner and tripped over the piece of channel which was obscured from his vision by the corner and by its color, which blended into the deck of the barge. Plaintiff tripped over the channel and fell, sustaining injury.

11.  At said time and place, plaintiff was a seaman within the meaning of the Jones Act (46 U.S.C. § 30104) and general maritime law employed either by defendant Global Diving & Salvage or by Global Diving & Salvage jointly with one or more of the WGA entities, or was the borrowed servant of or one or more of the WGA entities, in that:

(a)      Defendant Global Diving & Salvage was a servant and agent of one or more of the WGA entities, in that the tasks performed by plaintiff on behalf of Global Diving & Salvage furthered the tasks of the enterprise of one or more of the WGA entities, and one or more of the WGA entities had the right to control the physical

conduct of Plaintiff and other members of the Global Diving & Salvage crew in the performance of their work;

(b)     in the alternative, Global Diving & Salvage and one or more of the WGA entities were joint employers of Plaintiff, in that they shared in the direct control and supervision of Plaintiff, and one or more of the WGA entities had a significant supervisory role over the means and manner of Plaintiff's performance; and/or

(c)     one or more of the WGA entities exercised direct control, or had the right to exercise control, over Plaintiff in his work.

12.     As such each defendant owed plaintiff a statutory duty to use ordinary care to provide him with a reasonably safe place to work, adequate tools and equipment to perform his job safely sufficient assistance to perform his job safely, adequate training to perform his job safely and to comply with all applicable  federal laws, including 48 C.F.R. § 52.236-13, which requires compliance with EM 385-1-1. In addition, each defendant warranted the seaworthiness of the barge and its appurtenances to be reasonably fit for their intended use.

13.  At all pertinent times EM 385-1-1 19.A.07(k) required that "Projection and tripping hazards shall be removed, identified with warning signs, or distinctly marked with safety yellow."

14. 48 C.F.R. § 52.236-13 and EM 385-1-1 19.A.07(k) constitute a regulation enacted for the safety of employees and adopted pursuant to statute and are incorporated into the Jones Act.

15.  Each defendant, singly or in combination, breached its aforesaid legal duties and warranty, and violated EM 385.1-1-1 by failing to provide plaintiff with adequate assistance in the form of maintenance and housekeeping on the dive barge, leaving the channel  on the deck in

a place where people such as plaintiff would be unlikely to perceive its presence until they had tripped over it, failing to warn him of the presence of the channel , failing to remove projection and tripping hazards on board the barge, failing to identify with signage the channel  over which plaintiff tripped, and failing to mark the channel  distinctly with safety yellow.

16.  As a cause in whole or in any part of one or more of the aforesaid negligent acts or omissions, or as a proximate cause of each unseaworthy condition, plaintiff suffered severe and permanent injuries to his right hand, wrist, and arm, his right leg, knee and ankle and right shoulder.

17.  Each of the injuries described above has caused physical pain and mental suffering, disability, disfigurement, loss of a normal life, lost wages and benefits, loss of earning capacity, and medical expenses in the past and all of these damages will continue into the foreseeable future or permanently.

18.  On information and belief, plaintiff avers that the work being done by Global Diving & Salvage, and the WGA entities was performed pursuant to a contract or contracts with the United States Corps of Engineers and that under the Suits In Admiralty Act (46 U.S. Code § 30901, *et seq.*) and the Public Vessels Act (46 U.S. Code § 31101), the United States is liable to plaintiff to the same extent as those entities would have been under the Jones Act and general maritime law.

WHEREFORE, plaintiff Andrew Miller, by his undersigned attorney, prays for judgment against each and all defendants, together with costs of suit, prejudgment interest, and such other and further relief as the Court may find just under the circumstances.

Respectfully submitted,

ARMBRUSTER, DRIPPS,
WINTERSCHEIDT & BLOTEVOGEL, LLC

By:  /s/ *Roy C. Dripps*
    Roy C. Dripps #6182013
    Charles W. Armbruster #6211630
    Michael T. Blotevogel #6282543
    51 Executive Plaza Court
    Maryville, Illinois 62062
    Phone: 618/208-0320
    Fax:   800/927-1529
    royd@adwblaw.com;
    charlesa@adwblaw.com
    mikeb@adwblaw.com
    ***Attorneys for Plaintiff Andrew Miller***